UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JODI BELTEAU                                                                    CIVIL ACTION

VERSUS                                                                          NO: 07-9485

STATE FARM FIRE AND CASUALTY                                                    SECTION: "A" (5)
COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 4)** filed by plaintiff Jodi Belteau. Defendant, State Farm Fire and Casualty Company ("State Farm") opposes the motion. The motion, set for hearing on February 20, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

**I.      BACKGROUND**

The instant matter arises out of damage to Plaintiff's property in Meraux, Louisiana, sustained on or about August 29, 2005 as a result of Hurricane Katrina and its aftermath. Plaintiff initiated this lawsuit in state court against State Farm and State Farm agent Wayne LeBlanc ("LeBlanc"), seeking to recover under a homeowners policy issued by State Farm and procured by LeBlanc. Plaintiff alleges that "[b]ased on agent Leblanc's [sic] recommendations," she purchased

a homeowners policy with State Farm which provided the following coverages: $106,100.00 for dwelling, $79,579.00 for personal property, and actual loss sustained for loss of use. (Compl. ¶ 4). In addition, Plaintiff purchased flood insurance through State Farm through agent LeBlanc, which provided no coverage for personal property. (*Id.* at ¶ 5).

Plaintiff alleges that on August 29, 2005, Hurricane Katrina caused "substantial wind damage" to her property and that subsequent to the wind damage the storm surge flooded the property with fifteen feet of water. (*Id.* at ¶ 6).

Following the Hurricane, State Farm paid Plaintiff her policy limits under the flood policy. (*Id.* at ¶ 8). However, because the flood policy did not include personal property coverage, Plaintiff received nothing for her personal property loss, which she alleges totaled $74,886.00. (*Id.*)

The State Farm claims representative determined that the only wind damage to the property was to the roof. (*Id.* at ¶ 9). Plaintiff alleges that the determination that the damage was caused by flood and not by wind was arbitrary and capricious and without probable cause. (*Id.* at ¶ 10).

Plaintiff argues that because she relied on the representations of LeBlanc, her property was "woefully under insured." (*Id.* at ¶ 11). As a result, Plaintiff contends that State Farm is liable for the failure of its agent to properly and adequately insure the property for the property amounts required by the value of the property. (*Id.* at ¶ 13).

Plaintiff filed the instant action on August 29, 2007 in the 34th Judicial District Court for the Parish of St. Bernard seeking damages and penalties related to State Farm's failure to provide coverage and payment for claims made under Plaintiff's homeowner's insurance policy. (Pla. Mem. in Supp. p. 3). In addition, Plaintiff claims penalties and attorney's fees from LeBlanc "for improper

conduct in the procurement of insurance policies" on her behalf.  Plaintiff and LeBlanc are both citizens of Louisiana.

Defendants removed the case, asserting that pursuant to 42 U.S.C. § 4072 the federal court has original exclusive jurisdiction over claims involving the administration of an existing flood policy and claims handling matters under the flood policy. (Notice of Removal ¶ 24).  Moreover, Defendants argue that removal is proper under the Court's diversity jurisdiction.  Defendants contend that complete diversity exists between the parties because the only non-diverse defendant, Wayne LeBlanc, is improperly joined, and consequently, his citizenship should be disregarded for diversity purposes.  (*Id.* at ¶¶ 32-34).

Plaintiff moves to remand this matter.  Plaintiff's motion is predicated on two arguments: (1) there is no original jurisdiction of this Court, as none of the plaintiff's claims involve a federal question or the interpretation of a national insurance policy; (2) Plaintiff's claims against LeBlanc, both Louisiana residents, defeat the requirement of complete diversity.  (Pla. Mem. in Supp. p. 3).

In opposition, State Farm argues that in reading the Petition, "it is clear Plaintiff is alleging improper claims handling under both her flood and homeowner's policies. As such, this . . . Court has original exclusive jurisdiction under 42 U.S.C. § 4072." (Def. Mem. in Opp. p. 2). In addition, State Farm charges that the only non-diverse defendant, Wayne LeBlanc, has been improperly joined "for the sole purpose of defeating diversity jurisdiction."  (*Id.*)  Specifically, State Farm contends that Plaintiff's claims against LeBlanc are perempted under Louisiana Revised Statute § 9:5606, or alternatively, Plaintiff's claims against LeBlanc are insufficient to state a claim as a matter of law. (*Id.* at p. 10, 13).

3

**II.     DISCUSSION**

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). The Fifth Circuit has recognized the similarity between standards for resolving a Rule 12(b)(6) challenge and determining improper joinder. *Ross v. Citifinacial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (citing *Travis*, 326 F.3d at 648). However, the scope of the inquiry for fraudulent joinder is broader than that for Rule 12(b)(6), in that the court may "pierce the pleadings" and consider summary judgment-type evidence. *Id.* at 462-63. Louisiana Revised Statute 9:5606, "Actions for professional insurance agent liability," provides in pertinent part:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year from the date of the alleged act, omission, or neglect, or within one year from the dat that the alleged act, omission, or neglect is discovered or should have been discovered***. However, even as to actions filed within one year from the date of such discovery, in all events such action shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606 (A) (emphasis added).

In addition, § 9:5606(D) provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are ***peremptive periods*** within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

*Id.* § 5606 (D) (emphasis added). Unlike prescription, peremption extinguishes or destroys the legal

4

right to which it applies. *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 380 (La. App. 1 Cir. 2003) (citing *Coffey v. Block*, 762 So. 2d 1181, 1186 (La. App. 1 Cir. 2000)).

In the present case, it is undisputed that LeBlanc originally procured the homeowner's policy in 2003. (*See* Pla. Mem. in Supp. p. 7; Def. Mem. Opp. p. 11). However, Plaintiff argues that the original procurement of the policy did not start the peremption period. Belteau acknowledges that her flood policy did not include personal property coverage at the time of procurement, as the residence was under construction at that time. (Pla. Mem. in Supp. p. 7). Rather, Belteau alleges that she was advised that her coverage would be amended to include personal property coverage once she moved into the residence. (*Id.*) She submits that "[t]here is no evidence on the record to establish that she had knowledge sufficient to believe that the representations of her agent were not true." (*Id.* at p. 8). Moreover, Plaintiff argues that she "did not have constructive knowledge of the deficiency in coverage until she was denied personal property coverage following the damage she sustained as a result of Hurricane Katrina." (*Id.*)

According to State Farm, Plaintiff did not request contents coverage when she applied for flood insurance on October 27, 2003. (Def. Mem. in Supp. p. 12) (citing Def. Exh. B, Affidavit of Sandie Chewning). In this vein, the Declarations Page issued for the policy period of October 27, 2003 to October 27, 2004 contained no contents coverage. (*Id.*) (citing Def. Exh. B). State Farm emphasizes that LeBlanc never informed Plaintiff that he would add contents coverage to her SFIP. (*Id.*) (citing Def. Exh. A, Affidavit of Wayne LeBlanc). Moreover, LeBlanc avers that "at no time from October 27, 2003 to August 29, 2005, did Plaintiff ever make a request to LeBlanc to add contents coverage to her SFIP." (*Id.*) (citing Def. Exh. A). As such, State Farm submits that any

alleged negligence against LeBlanc would have occurred on October 27, 2003.  The Court agrees.

State Farm issued a Renewal Certificate on September 13, 2004, which revealed that there was no contents coverage under Plaintiff's SFIP.  (Def. Mem. in Supp. p. 12) (citing Def. Exh. B).  However, in Louisiana, policy renewals generally do not operate to restart the running of the peremptive period.  *Dobson v. Allstate Ins. Co.*, No. 06-252, 2006 WL 2078423, *6 (E.D. La. July 21, 2006) (Vance, J.) (citing *Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. App. 5 Cir. 2004); *Bel*, 845 So. 2d at 382-83; *Bordelon v. The Independent Order of Forresters*, No. 05-2640, 2005 WL 3543815, *3 (E.D. La. Oct. 4, 2005) (Duval, J.)).  In addition, the Petition does not allege any conduct on the part of LeBlanc to cause the peremption period to restart.

Based on the foregoing, the Court finds that the original procurement of Plaintiff's policy triggers the time when the alleged act or omission occurred.  Thus, Plaintiff had a final deadline of October 27, 2006 to file suit against LeBlanc, regardless of when she discovered the alleged negligence.  Plaintiff filed the instant action on August 29, 2007.  Therefore, Plaintiff's claim against LeBlanc is perempted, and Plaintiff will be unable to establish a cause of action against LeBlanc in state court.  As such, LeBlanc has been improperly joined, and consequently, LeBlanc's citizenship shall be ignored for jurisdictional purposes.  Because Plaintiff and State Farm are completely diverse, and it is undisputed that the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction over this matter.  Thus, the Court need not address Plaintiff's arguments regarding 28 U.S.C. § 4072.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by plaintiff Jodi Belteau

is **DENIED.**

    April 23, 2008

                                                        JAY C. ZAINEY
                                        UNITED STATES DISTRICT JUDGE